IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HIRAM CHRISTIAN, #498523, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 3:12-CV-4146-M-BK |
| | § | |
| RICK THALER, Director, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner, a Texas state prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. For the reasons that follow, it is recommended the petition be dismissed as time barred.

**I. BACKGROUND AND PROCEDURAL HISTORY**

Petitioner was convicted of aggravated sexual assault of a child and sentenced to 50 years' imprisonment. *State v. Christian*, No. F88-84171 (Criminal District Court No. 1, Dallas County, Nov. 17, 1988), *aff'd*, No. 05-88-01375-CR (Tex. App. -- Dallas, Nov. 29, 1989, pet. ref'd) (unpublished). On June 2, 2009, the Board of Pardons and Parole (Board) denied him parole review and Petitioner received notice of the denial on March 23, 2010. (Doc. 13-1 at 2). Subsequently, Petitioner unsuccessfully challenged the denial of release to parole. *See Ex parte Christian*, No. WR-22,568-03 (Tex. Crim. App. Jun., 27, 2012) (denying state habeas application) (Doc. 10-3 at 2, 8-24). On October 16, 2012, Petitioner filed the federal petition presently at issue. (Doc. 3). Respondent argues the petition is time barred and Petitioner opposes that assertion. (Doc. 13, 15).

## II.  ANALYSIS

<u>Limitations Period and Statutory Tolling</u>

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief, which the Court may consider *sua sponte*.  *See* 28 U.S.C. § 2244(d).  "Subsection 2244(d)(1)(D) governs the timeliness of claims predicated on parole decisions."  *Stone v. Thaler*, 614 F.3d 136, 138 (5th Cir.2010) (citing *Goodwin v. Dretke*, 118 F. App'x 817, 818 (5th Cir.2004) (*per curiam*) (unpublished)). The limitations period begins on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *See* Section 2244(d)(1)(D).

Petitioner could have discovered the factual predicate of his claims on March 23, 2010, when he was notified of the June 2, 2009, denial of parole.  (Doc. 13-1 at 2).  Contrary to his conclusory and unsupported assertions, the Board did not vote on his parole status during 2012.[1] (Doc. 7 at 1; Doc. 13-1 at 2).  Thus, the one-year limitations period began running on March 24, 2010, and expired one year later on March 23, 2011.  Petitioner is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) because he filed his state application in April 2012, long after the one-year period had expired.  *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (statutory tolling unavailable if state habeas application is filed after one-year period has expired).[2]

---

[1] While it appears the Board again denied parole in January 2013 (*see* Doc. 13-1 at 2), this subsequent denial post-dated the filing of this federal petition and, thus, is not at issue in this case.

[2] The state application is deemed filed on April 3, 2012, the date on which Petitioner signed it (Doc. 10-3 at 19) and most probably handed it to prison officials for mailing. *See Richards v. Thaler*, ___ F.3d ___, 2013 WL 809246 *4 (5th Cir. Mar. 5, 2013) (holding prison

Accordingly, this federal petition, deemed filed as of September 25, 2012, is clearly outside the one-year statute of limitations absent equitable tolling.[3]

Equitable Tolling

Because the one-year statutory deadline is not a jurisdictional bar, it is subject to equitable tolling in appropriate circumstances. *Holland v. Florida*, ___ U.S. ____, 130 S. Ct. 2549, 2560 (2010). To be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quotations and quoted case omitted). "'Courts must consider the individual facts and circumstances of each case in determining whether equitable tolling is appropriate.'" *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010) (quoted case omitted).

This case does not present the type of due diligence and extraordinary circumstances required for equitable tolling. *See Howland v. Quarterman*, 507 F.3d 840, 845-46 (5th Cir. 2007) (summarizing cases). Having squandered the entire one year period, Petitioner clearly failed to act with due diligence. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (habeas petitioner must pursue the habeas "process with diligence and alacrity"). After the March 2010 notice of parole denial, Petitioner waited over two years before seeking state habeas relief in April 2012. His lack of diligence did not end there. Following the denial of the state application,

---

mailbox rule applies to state habeas application).

[3] In light of Petitioner's *pro se* status and the "mailbox rule," *see* Rule 3(d) of the Rules Governing Section 2254 Proceedings ("mailbox rule" applicable to inmates who use jail/prison's internal mailing system), the Court deems the federal petition filed on September 25, 2012, when Petitioner signed the same and obtained a CTA, which he mailed along with his petition and request for leave to proceed *in forma pauperis*. (Doc. 3, 4).

Petitioner delayed an additional three months before filing the instant federal petition. Petitioner's extended periods of inactivity clearly indicate lack of due diligence.

Apart from generalized statements, Petitioner's pleadings do not explain the reason for the lengthy delays in his case. (Doc. 15). Unexplained delays do not evince due diligence or rare and extraordinary circumstances. *See Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999). "[E]quity is not intended for those who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999). Furthermore, neither Petitioner's *pro se* status nor his unfamiliarity with the law suffices as a basis for equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) ("proceeding *pro se* is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim."); *Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir. 1999) (*per curiam*) ("neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling.).

Accordingly, the Court concludes that Petitioner cannot carry his burden of establishing that equitable tolling is warranted in this case. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (party seeking equitable tolling has burden of showing entitlement to such tolling).

## III.  RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be **DISMISSED** with prejudice as barred by the one-year statute of limitations.  *See* 28 U.S.C. § 2244(d).

SIGNED April 4, 2013.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE